UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-447-RE |
|  | CR 08-441-RE |
| Plaintiff, |  |
|  | OPINION AND ORDER |
| v. |  |
| JAMES JOSEPH BJORNE BENNETT, |  |
| Defendant. |  |

REDDEN, Judge:

Before the court are pro se defendant James Joseph Bjorne Bennett's Motion to be Admitted to Bail Pending Trial (doc. 35), and his Motion for Review of the Magistrate's Order of Detention (doc. 41).[1]  On September 11, 2009, the court heard oral argument.  For the reasons that follow, I GRANT defendant's motion for review of the magistrate's detention order, and

---

[1] Although defendant is currently represented by counsel, he apparently filed the present motions without counsel's assistance or knowledge.  On September 17, 2009, he filed a motion to appoint new counsel.  On the same date, his attorney filed a motion to withdraw, citing an irreparable breakdown in the attorney-client relationship.

PAGE 1 - OPINION AND ORDER

DENY defendant's motion to be released on bail pending trial, and order defendant detained pending trial pursuant to 18 U.S.C. § 3142(i).

Prior to the September 11, 2009 hearing on defendant's motions, the U.S. Pretrial Office prepared a Pretrial Services Report ("PSR"), which details defendant's lengthy criminal history. The report indicates that defendant has used at least one alias. In March 1988, defendant was charged with Misconduct Involving a Controlled Substance in the State of Alaska. On August 21, 1989, an Alaska court issued a bench warrant for defendant because he failed to surrender for sentencing. On February 7, 1990, he was arrested on narcotics charges and sentenced to probation. On February 19, 1991, defendant was convicted of domestic assault, and sentenced to 30 days in prison and continued probation. On May 14, 1992, while still on probation, defendant was convicted for Misconduct Involving a Controlled Substance in Alaska. On May 27, 1992, defendant failed to appear for sentencing on those charges and forfeited his $10,000 bail. The court issued a bench warrant for defendant's arrest, and on October 9, 1992, defendant was arrested. On April 22, 1993, defendant was again convicted in the State of Alaska for Misconduct Involving a Controlled Substance.

On July 27, 1994, a federal grand jury in the U.S. District Court for the District of Alaska returned a 33-count indictment against defendant, charging him multiple counts of conspiracy to possess with intent to distribute a controlled substance, possession of a controlled substance with intent to distribute, distribution of a controlled substance, felon in possession of a firearm, witness tampering, and money laundering. On September 29, 1994, defendant pled guilty to multiple counts of possession of a controlled substance with intent to distribute, distribution of a controlled substance, felon in possession of a firearm, and money laundering. As part of the plea

agreement, the government dismissed the conspiracy and witness tampering counts. On December 9, 1994, the U.S. District Court for the District of Alaska sentenced defendant 188 months imprisonment, and six years of supervised release.

As part of his pre-release plan, defendant filed a request with the U.S. Probation Office, seeking permission to reside in Oregon upon his release from federal prison. The Probation Office granted that request and in April 2007, defendant was released from federal prison and began his six-year term of supervised release in the District of Oregon. Though he was allowed to reside in Oregon and report to the U.S. Probation Office in the District of Oregon, the U.S. District Court for the District of Alaska maintained jurisdiction over defendant's supervised release. As part of his supervised release, defendant was required to report to his probation officer any change of address within 72 hours.

In August 2008, while still on supervised release, defendant was evicted from the halfway house where he was living. Defendant failed to notify his probation officer of his change of address, and his whereabouts were unknown. On August 19, 2008, the U.S. District Court for the District of Alaska issued an arrest warrant, charging defendant with a supervised release violation for failure to notify probation officer of change of address within 72 hours.

The government alleges that between September 15, 2008, and September 26, 2008, defendant robbed five banks and attempted to rob two banks in the Portland, Oregon area. On or about September 29, 2008, defendant was arrested in the District of Oregon on the supervised release violation charge. He appeared before Magistrate Judge John Acosta, who appointed counsel to represent defendant, and ordered defendant detained pending the supervised release violation/removal hearing, which was scheduled for October 3, 2008. On October 2, 2008,

PAGE 3 - OPINION AND ORDER

however, a federal grand jury in the District of Oregon returned an indictment charging defendant with two counts of bank robbery.[2]  On that same date, U.S. District Court Judge Ancer Haggerty entered an order accepting and assuming jurisdiction over defendant's supervised release pursuant to 18 U.S.C. § 3605.  The order transferring jurisdiction over defendant's supervised release was also signed by the Honorable James K. Singleton, U.S. District Court Judge for the District of Alaska.

On October 3, 2008, Magistrate Judge Patricia Sullivan held a supervised release violation hearing, and arraigned defendant on the on the new bank robbery charges.  Judge Sullivan also held a detention hearing pursuant to 18 U.S.C. § 3142(f).  Due to the nature of the alleged offenses, defendant's use of a weapon in the commission of the alleged crimes, his prior supervision failures, his prior criminal history, and his history of substance abuse, Magistrate Judge Sullivan found that no condition or combination of conditions would reasonably assure the safety of other persons and the community.  She also found that no condition or combination of conditions would reasonably assure that defendant would appear in court on the pending charges due to his use of aliases, his prior supervision failures, and his history of substance abuse.  Accordingly, Magistrate Judge Sullivan ordered defendant detained pending trial.

Since his initial appearance, each of defendant's three court-appointed attorneys have filed motions to withdraw from the case citing conflicts of interest due to irreparable breakdowns in attorney-client relationship.  See Feb, 5, 2009 Mot. to Withdraw as Att'y by Francesca Freccero (doc. 15); May 25, 2009 Mot. to Withdraw as Att'y by Todd Bofferding

---

[2] On June 3, 2009, a federal grand jury returned a First Superceding Indictment, charging defendant with five counts of bank robbery and two counts of attempted bank robbery in the District of Oregon.

PAGE 4 - OPINION AND ORDER

(doc. 25); Sept. 17, 2009 Mot. to Withdraw as Att'y by David Audet (doc. 53).  Defendant's first attorney, Francesca Freccero, submitted an affidavit in support of her motion stating that defendant agreed to continue to waive his rights under the Speedy Trial Act.  See Feb. 5, 2009 Aff. of Francesca Freccero (doc. 16).  At the June 16, 2009 hearing on Mr. Bofferding's motion to withdraw as attorney, defendant indicated that he was aware of his rights under the Speedy Trial Act, and agreed to waive those rights.  On June 23, 2009, the court appointed David Audet to represent defendant.  On September 17, 2009, Mr. Audet filed a Motion to Withdraw citing a conflict of interest based on the breakdown of the attorney-client relationship.  Defendant apparently refuses to discuss the bank robbery charges or the pending trial with counsel.

Additionally, defendant has filed five separate motions to continue trial.  Each of those motions stated that defendant was aware of his right to a speedy trial, and that defendant agreed the continuance would result in excludable delay under the Speedy Trial Act.  See Nov. 7, 2008 Mot. to Continue Trial Date, at 2 (doc. 11) ("Mr. Bennett acknowledges his right to a speedy trial under the Speedy Trial Act and agrees that this motion will result in excludable delay under the Act."); Jan. 9, 2009 Mot. to Continue Trial Date, at 1-2 (doc. 13) ("This motion is made based on Mr. Bennett's specific request . . . for additional time to conduct legal research . . . . Mr. Bennett specifically waives time for trial . . . ."); Mar. 16, 2009 Mot. to Continue Trial Date, at 2 (doc. 19) ("Defendant also understands his rights provided by the Speedy Trial Act, and he agrees to waive those rights by this continuance."); April 8, 2009 Mot. to Continue Trial Date, at 2 (doc. 21) (same); Aug. 12, 2009 Mot. for Continuance (doc.31).  The court granted each of defendant's motions to continue trial.  A jury trial on defendant's bank robbery charges is now scheduled for October 6, 2009.  A supervised release violation hearing is set for that same date.

On August 24, 2009, defendant filed the present pro se Motion to be Admitted to Bail Pending Trial, and Motion for Review of the Magistrate's Detention Order. In support of the motions, defendant filed nearly 150 pages of handwritten briefing, unsworn declarations, and exhibits. Although his briefing material is difficult to decipher, defendant contends that: (1) his continued confinement pending trial violates his right to due process under the Fifth Amendment, and his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act; (2) he has been deprived of his right to effective assistance of counsel because his attorneys have purportedly failed to pursue various issues and defenses, including whether this court has jurisdiction over defendant's supervised release; (3) the transfer of jurisdiction over his supervised release from Alaska to the District of Oregon was unconstitutional or illegal; and (4) substandard prison conditions at the Federal Correctional Institution at Sheridan violate his right to be free from cruel and unusual punishment under the Eighth Amendment.

Under 18 U.S.C. § 3141, the magistrate judge before whom the defendant is brought is required to order that such person be detained or released pending judicial proceedings. United States v. Evans, 62 F.3d 1233, 1235 (9th Cir. 1995). The magistrate judge may order a defendant detained before trial if after a hearing it is determined that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. See 18 U.S.C. §§ 3142(e)-(g). "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Consistent with that section's command that the motion "be determined promptly," I held a hearing on September 11, 2009, to address defendant's motion.

PAGE 6 - OPINION AND ORDER

Although the detention statute does not provide guidance as to the standard of review, the Ninth Circuit has held that the district court is to conduct a de novo review of the magistrate's detention order under Section 3145(b).  United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).  The district court is not required, however, to start over in every case, and proceed as if the magistrate's decision and findings did not exist.  Id. at 1193.  Instead, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference."  Id.  Though the district court may hold an evidentiary hearing, it is not required to do so when no evidence is offered that was not before the magistrate.  Id.

Having carefully reviewed the entire case file de novo, including defendant's briefing materials, the First Superceding Indictment, the allegation of absconding from supervised release, and the Pretrial Services Report, I find that no condition or combination of conditions will reasonably assure the safety of other persons and the community due to: (1) the nature and seriousness of the alleged offenses (*i.e.*, five counts of bank robbery, and two counts of attempted bank robbery); (2) defendant's alleged possession of a weapon during the commission of those crimes; (3) defendant's prior criminal history, which includes numerous drug-related convictions, a conviction for felon in possession of a firearm, and a conviction for domestic assault; (4) defendant's history of probation and supervised release failures; and (5) defendant's history of substance abuse.  Additionally, I find that no condition or combination of conditions will reasonably assure the appearance of defendant due to: (1) defendant's multiple supervision failures, including at least three instances in which defendant failed to appear as required; (2) defendant's admitted use of aliases; (3) his history of substance abuse; and (4) his stated desire to

PAGE 7 - OPINION AND ORDER

leave the District of Oregon, and return to the State of Alaska. See 18 U.S.C. § 3142(g).

Defendant is not entitled to an evidentiary hearing under 18 U.S.C. § 3142, because he has not proffered any evidence relevant to the issue of detention that was not before the magistrate judge. Koenig, 912 F.2d at 1193. Although defendant makes a number of allegations related to the conditions of his current confinement at FCI Sheridan and the Probation Office's allegedly unconstitutional modification of his supervised release conditions, he has not alleged any new facts that are relevant to the issue of detention under 18 U.S.C. § 3142. In other words, defendant has not alleged any new facts related to whether he is a danger to the safety of the community and/or a flight risk. If anything, his briefing materials confirm that he continues to be both a danger to the community and a flight risk.[3]

Defendant's argument that he is entitled to return to the District of Alaska to resolve his alleged supervised release violation is without merit. As noted, defendant submitted a request to the U.S. Probation Office seeking permission to reside in Oregon after his release from prison. The Probation Office granted that request and in April 2007, defendant began his six-year term of supervised release in Oregon. As he now acknowledges, in August 2008, defendant violated

---

[3] In support of his motion for review of the magistrate's detention order, defendant acknowledges that in 1992, he failed to appear for sentencing in the District of Alaska. See Mot. for Review of Magistrate's Defendant Order, at ¶ 9 (doc. 41). He also acknowledges his recent "failure to contact [his] probation officer for a few months," id. at ¶ 16, and the use of alcohol and drugs during the period of time leading up to his arrest for bank robbery. Id. at ¶ 12. Defendant admits that his "history clearly shows that his whole life has been centered around drugs and alcohol," id. at ¶ 10, but seeks a court order allowing him to return "to live on his ranch" in Alaska. Id. at ¶ 14. In light of defendant's admission that he violated the terms of his supervised release (e.g., drug use; failure to report), his admission that he failed to appear in court as required, and his stated desire to leave the District of Oregon and return to Alaska, I find further support for the conclusion that defendant is both a flight risk and a risk to the safety of the community.

PAGE 8 - OPINION AND ORDER

the terms of his supervised release by "fail[ing] to contact [his] probation officer for a few months." See Mot. for Review of Magistrate's Detention Order, at ¶ 16. The Probation Office contemporaneously sought an arrest warrant from the District of Alaska, and requested that the District of Alaska transfer jurisdiction over defendant's supervised release to the District of Oregon. Pursuant to 18 U.S.C. § 3605, the District of Alaska transferred jurisdiction over defendant's supervised release to the District of Oregon.[4] On October 2, 2008, this court accepted and assumed jurisdiction over defendant's alleged supervised release violation. There is nothing unusual, or improper about this process.

In any event, defendant is now charged with five counts of bank robbery, and two counts of attempted bank robbery in the District of Oregon. Even if I were persuaded that this court lacks jurisdiction over defendant's alleged supervised release violation and that the court should not consider that alleged violation in determining whether to detain him pending trial, there is still more than a sufficient basis to conclude that defendant is a danger to the community and a flight risk. In other words, even if I were ignore defendant's most recent supervised release violation, I would still find that no condition or combination of conditions would reasonably assure both the safety of the community and the appearance of defendant due to: (1) the nature

---

[4]Section 3605 provides, in relevant part:

> A court, after imposing a sentence may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person . . . is permitted to proceed, with the concurrence of such court. . . . <u>A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter</u> . . . .

18 U.S.C. § 3605 (emphasis added).

PAGE 9 - OPINION AND ORDER

and seriousness of the seven alleged counts of bank robbery and attempted bank robbery; (2) defendant's alleged possession of a weapon during the commission of those crimes; (3) defendant's prior criminal history, which includes numerous drug-related convictions, a conviction for felon in possession of a firearm, and a conviction for domestic assault; (4) defendant's history of probation and supervised release failures; (5) defendant's history of substance abuse; (6) defendant's admitted use of aliases; and (7) his stated desire to leave the District of Oregon, and return to the State of Alaska. Accordingly, defendant is detained pending his October 6, 2009 jury trial.

Defendant's constitutional arguments are not relevant to the issue of his current detention under 18 U.S.C. § 3142. Prison conditions are not listed as a factor in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community under 18 U.S.C. § 3142(g). Similarly, defendant's arguments regarding ineffective assistance of counsel are not relevant to the issue of detention under 18 U.S.C. § 3142. In any event, defendant has failed to identify any specific errors made by any of his three attorneys. It is not ineffective assistance of counsel to raise a meritless claim. Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982). He has also failed to demonstrate that his attorneys' purportedly deficient performance actually caused any prejudice.

Finally, defendant's Speedy Trial Act arguments are not well taken. Defendant has now moved to continue trial five times. In each instance, defendant specifically waived his right to a speedy trial. In addition, defendant has fired each of his three court-appointed attorneys. Again, he waived his speedy trial rights after firing his first two attorneys. The court will promptly hold a hearing to address defendant's most recent request for a new attorney. Having fired each of his

court-appointed attorneys and requested multiple continuances, defendant cannot credibly claim that the government has violated his right to a speedy trial. In any event, defendant's speedy trial arguments are not relevant to the issue of detention under 18 U.S.C. § 3142.

For the reasons stated above, I GRANT defendant's Motion (doc. 41) for Review of the Magistrate's Detention Order. Having conducted a <u>de novo</u> review of the entire case file, I DENY defendant's Motion (doc. 35) to be Admitted to Bail Pending Trial, and order defendant detained pending trial pursuant to 18 U.S.C. § 3142(i).

THEREFORE, IT IS ORDERED that:

(1) Defendant is detained prior to trial;

(2) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separated, as far as practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant shall be afforded a reasonable opportunity for private consultation with his counsel; and

(4) The superintendent of the corrections facility in which defendant is confined shall make the defendant available to the United States Marshal for the purpose of appearance in connection with any court proceeding.

DATED this  21st  day of September, 2009.


                                            /s/ James A. Redden
                                                James A. Redden
                                         United States District Court Judge