FILED 25 MAY '11 09:19 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-447-RE |
| Plaintiff, | CR 08-441-RE |
| | <u>FARETTA</u> WARNINGS RE: RIGHT |
| v. | TO COUNSEL AT SENTENCING |
| JAMES JOSEPH BJORNE BENNETT, | |
| Defendant. | |

REDDEN, Judge:

Because you wish to waive your constitutional right to representation at sentencing, I am required to give you the following information and warnings, and then determine whether you understand the consequences of waiving your right to an attorney. I cannot let you represent yourself unless I am certain you are knowingly and intelligently waiving the right to counsel, and you express that choice to me on the record unconditionally and without any reservation. I must

PAGE 1 - <u>FARETTA</u> WARNINGS TO DEFENDANT JAMES JOSEPH BJORNE BENNETT
RE: RIGHT TO COUNSEL AT SENTENCING

be also be certain that you are aware of the nature of the right to counsel at sentencing, the potential penalties in this case, and the risks of foregoing counsel.

You already pled guilty to five counts of bank robbery and two counts of attempted bank robbery in violation of 18 U.S.C. § 2113(a). We discussed the specific elements of those crimes at your change of plea hearing.

At that hearing, you admitted under oath that between approximately September 15, 2008 and September 26, 2008, you used force and violence, or intimidation to take (or attempt to take) U.S. currency from seven separate banks or credit unions that were each insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration. I then accepted your guilty plea to those crimes.

At the change of plea hearing, we also discussed the potential penalties in this case. As you will recall, each of the seven counts of conviction carries a statutory maximum 20-year term of imprisonment and a $250,000 fine.

In addition, each count of conviction carries a potential 3-year term of supervised release. The court is also required to impose a 100-dollar assessment on each count of conviction, and restitution to each of the victim banks in this case.

By pleading guilty to the seven counts of bank robbery and attempted bank robbery in the Indictment, you also admitted that you violated the terms of your supervised release. As a result, the court may impose an additional and consecutive sentence to the underlying bank robbery sentence.

Because you pled guilty to five counts of bank robbery and two counts of attempted bank

PAGE 2 - <u>FARETTA</u> WARNINGS TO DEFENDANT JAMES JOSEPH BJORNE BENNETT
RE: RIGHT TO COUNSEL AT SENTENCING

robbery, there will be no jury trial in this case. The government no longer has the burden of proving beyond a reasonable doubt any of the crimes charged in the Indictment. You already admitted guilt to those crimes.

While there will be no trial, you still have the constitutional right to the continued an effective representation of counsel at all critical stages of the remaining criminal proceedings against you, including sentencing.

If you cannot afford an attorney, you have the right to a court-appointed attorney to represent you at the government's expense. Indeed, the court has appointed four lawyers to represent you so far (Samuel Kauffman, David Audet, Todd Bofferding, and Francesca Freccero). In any event, you still have a right to have a lawyer to perform critical functions on your behalf in preparation for, and during, the upcoming sentencing.

If you decide to forego the assistance of counsel at sentencing, you will be proceeding alone in a complex area of law where experience and professional training are greatly desired. The Sentencing Guidelines, in particular, provide an extremely complex procedure for determining the appropriate advisory sentencing guideline range. Deciphering the Sentencing Guidelines can be especially difficult in a case like this, which involves multiple crimes and at least one fairly serious prior conviction.

I want to take a moment to outline the sentencing process so you know the risks of representing yourself at sentencing. Prior to sentencing, the probation office will prepare a pre-sentence report setting out the relevant criminal conduct in this case, any factors warranting the mitigation or enhancement of your sentence, as well as your criminal history. Based on these

PAGE 3 - <u>FARETTA</u> WARNINGS TO DEFENDANT JAMES JOSEPH BJORNE BENNETT RE: RIGHT TO COUNSEL AT SENTENCING

factors and the Sentencing Guidelines, the probation office will recommend an advisory

sentencing guideline range. The prosecution and the defense will each have the opportunity to

submit written and oral argument and evidence in support of a longer or shorter sentence.

I will then consider the advisory guideline range, the parties arguments, and the

sentencing factors set fort in 18 U.S.C. § 3553(a) in imposing a reasonable sentence. The

Section 3553(a) factors include considerations such as the seriousness of the offenses of which

you have been convicted, the need to afford adequate deterrence to criminal conduct, the need to

protect the public from further criminal conduct on your part, and the need to provide you with

educational and vocational training, medical care, or other correctional treatment in the most

effective manner.

Ultimately, it is the judge who makes the final decision as to what sentence will be

imposed. I will consider the Sentencing Guidelines, but I am not bound by the advisory

sentencing guideline range. There is no guarantee that your sentence will be within that

guideline range, but I may not impose a sentence greater than the maximum statutory sentence.

Your attorney has a great deal of experience dealing with these issues, and waiving your

right to counsel could very seriously affect whether your conviction remains, your right to appeal,

and what your sentence will be. If you decide to waive your right to counsel and proceed <u>pro se</u>,

you will be exposed to the dangers and disadvantages of not knowing the complexities the

sentencing guidelines, what constitutes relevant mitigating evidence, appropriate legal

arguments, and what motions to make and when to make them so that you may protect your

rights on appeal.


PAGE 4 - <u>FARETTA</u> WARNINGS TO DEFENDANT JAMES JOSEPH BJORNE BENNETT
RE: RIGHT TO COUNSEL AT SENTENCING

You attorney knows, for example, how to make an effective legal argument for a lesser sentence based upon mitigating circumstances, or the relevant case law. He knows how to make effective challenges to a presentence report or the government's sentencing memorandum, and he knows the appropriate procedure for offering mitigating evidence on your behalf, for making legal arguments or objections as legal issues arise, and making motions to the court before and after judgment is entered.

Each of these are core functions that you have a constitutional right to have performed by a lawyer on your behalf at sentencing. If you choose to represent yourself, you will lose the benefits of having an experienced trial lawyer protecting your interests.

Your lawyer is also familiar with the applicable standards of proof at a sentencing hearing. As I mentioned, the government no longer has the burden of proving beyond a reasonable doubt that you committed the crimes at issue. You admitted guilt to those crimes.

At sentencing, the evidentiary standards are different. The court generally applies a "preponderance of the evidence" standard to determine sentencing facts, such as criminal history and characteristics of the offense. This means that the court may find certain sentencing facts if the court is persuaded that the fact is more likely true than not. In some cases, whether a weapon was used in the commission of the crime is an example of sentencing fact that the court generally determines based upon the preponderance of the evidence standard. Sentencing facts can increase or decrease your advisory sentencing guideline range.

Your attorney is familiar with these issues and the appropriate objections that might be raised to certain sentencing factors, or enhancements. By representing yourself at sentencing,

PAGE 5 - <u>FARETTA</u> WARNINGS TO DEFENDANT JAMES JOSEPH BJORNE BENNETT
RE: RIGHT TO COUNSEL AT SENTENCING

you risk inadvertently waiving a meritorous argument that you might otherwise wish to pursue on appeal.

If you decide to represent yourself at sentencing, you will be held to the same standards as a lawyer, relative to the rules of procedure, the local rules of the court, and all filings and litigation that lead up to and go after sentencing.

If you make mistakes, you will not be given any special privileges or benefits, and I cannot help you in any way.

I must also warn you that as an incarcerated pro se defendant, you are not entitled to unqualified access to a law library or legal materials.

If you do choose to proceed pro se, I will appoint Mr. Kaufmann to serve as your standby counsel, or your legal advisor. He will be in court and at your service. If you wish to ask him for advice, you may. You do not have to speak with him, of course. But, he will be in court as standby counsel even if you do not want him here.

And if you wish, he will provide you access to materials that, in his judgment, are necessary or useful to your preparation for sentencing. You may request necessary or helpful legal materials from him, such as a copy of the Sentencing Guidelines or the Rules of Criminal Procedure. But, he will not be obligated to provide you with everything under the sun. If, in his professional judgment, the requested materials are not relevant to the issues at sentencing, he does not have to provide those materials.

As a result of your incarceration, you will be necessarily limited in the kind of factual research and investigation you can perform. For example, it may be difficult for you to procure

and introduce certain types of mitigating evidence, such as letters of support from family members, employers, or mental health counselors. You will not be given special privileges in jail to investigate and research factual or legal issues.

The right to act as your own lawyer is not a license to abuse the court process. If I find that you are deliberately obstructing, disrupting, manipulating, or delaying the proceedings, I will terminate your right to self-representation.

If you waive your right to counsel and proceed pro se, however, you will not have another opportunity to have counsel appointed for you. Mr. Kauffman will be there as your advisor, but we cannot have you switching from self-representation back to court-appointed represented counsel. There may be very limited, narrow exceptions to this rule, but once you decide to proceed pro se, that is the end of the matter.

Additionally, by waiving your right to counsel at sentencing, you may waive your right to challenge your sentence on the basis of ineffective assistance of counsel. You may challenge the underlying conviction on the basis of ineffective assistance, but by waiving counsel for sentencing you will likely waive any challenge to the length of your sentence based on ineffective assistance.

Finally, I am required to give you my opinion regarding your request to represent yourself at trial. In my opinion, a lawyer like Mr. Kauffman—a person trained in the law, who has experience dealing with the kinds of risks we have been talking about—will do a better job protecting your interests at sentencing. You are not familiar—in the same way a lawyer is—with the Sentencing Guidelines, the Rules of Criminal Procedure, and the strategic risks in going

PAGE 7 - FARETTA WARNINGS TO DEFENDANT JAMES JOSEPH BJORNE BENNETT RE: RIGHT TO COUNSEL AT SENTENCING

forward <u>pro se</u>. I recommend that you <u>not</u> attempt to represent yourself at sentencing. I urge you to allow Mr. Kauffman to do his job and represent you through the remainder of these criminal proceedings.

DATED this ____ day of May, 2011.


James A. Redden
United States District Court Judge


PAGE 8 - <u>FARETTA</u> WARNINGS TO DEFENDANT JAMES JOSEPH BJORNE BENNETT
RE: RIGHT TO COUNSEL AT SENTENCING